STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1262


SUCCESSION OF MARCEL AUGUST FUSELIER


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 14329
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE


**********


**ELIZABETH A. PICKETT
JUDGE**


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.


                                                            **AFFIRMED.**


**Allan L. Durand**
**Attorney at Law**
**235 La Rue France**
**Lafayette, LA 70508**
**(337) 237-8501**
**Counsel for Appellee:**
**Joann Fuselier**

**Bruce A. Gaudin**
**Attorney at  Law**
**100 W. Bellevue St.**
**Opelousas, LA 70570**
**(337) 948-3818**
**Counsel for Appellants:**
**Daniel Fuselier**
**Steve Fuselier**
**Byron Fuselier**
**Arlene Fuselier Guillot**
**Christine Fuselier Bourque**

**PICKETT, Judge.**

The heirs of Marcel August Fuselier appeal a judgement of the trial court awarding a credit to Jo Ann Fuselier, the decedent's surviving spouse, for federal income taxes on undistributed income from separate stock in a subchapter S corporation paid with community funds.

## STATEMENT OF THE CASE

Marcel Fuselier died on January 8, 2008. In his last will and testament, he named his five children from his first marriage, Daniel Fusilier, Steve Fusilier, Byron Fusilier, Arlene Fuselier Guillot, and Christine Fuselier Bourque, as his universal legatees subject to a usufruct in favor of his second wife, Jo Ann. Marcel and Jo Ann were married for over thirty years. In the succession proceeding, the heirs and Jo Ann were able to reach an agreement on all issues except for one, which is the subject of this appeal.

At the time of his death, Marcel owned 20,609 shares of St. Martin Bancshares, Inc. (SMBI), stock. SMBI is a subchapter S corporation that owns St. Martin Bank. The trial court determined that 5,986 shares were the separate property of Marcel and 14,623 shares were the community property of Marcel and Jo Ann. That factual finding has not been appealed.

Beginning in 2003, SMBI reported profits on a per share basis. A portion of these earnings was distributed to the shareholders, and a portion was retained by the bank. The shareholders were required to pay federal income taxes on the full amount of the earnings per share, but they only had to pay state income taxes on the distributed earnings. For example, in 2003, the bank declared profits of $13.52 per share. The bank distributed $9.00 to each shareholder, and retained $4.52 as

1

undistributed income. Marcel and Jo Ann received a check from the bank for $185,481.00 ($9.00 per share for 20,609 shares) representing the distributed income. The federal income tax liability earnings however, was based on total earnings, distributed and undistributed, of $278,633.68 ($13.52 per share for 20,609 shares).

Neither the heirs nor Jo Ann dispute the classification of the distributed earnings as community property. Louisiana Civil Code Article 2339 states that the civil fruits of separate property are community property. The issue raised in this appeal is whether the undistributed earnings are community property or separate property. In an interlocutory judgment dated May 8, 2009, the trial court determined that the undistributed earnings were separate property. The trial court found that, based on this classification, Jo Ann was entitled to a reimbursement from the succession for the federal income taxes paid on the undistributed earnings attributable to the 5,986 shares of stock that were Marcel's separate property. This reimbursement claim was equal to half of the community funds used to pay federal taxes on Marcel's separate property. The parties stipulated in the consent judgment that the total amount of this reimbursement claim from 2003 through 2007 was $28,881.00.

The trial court signed a consent judgment on May 21, 2009. The heirs reserved the right to appeal that portion of the judgment of May 8, 2009 that found that Jo Ann was entitled to a reimbursement for income taxes paid by the community on the undistributed earnings attributable to Marcel's separate property.

## ASSIGNMENTS OF ERROR

In their only assignment of error, the heirs argue that the trial court erred in finding that the estate of Marcel Fuselier owed a reimbursement to Jo Ann for the

federal income taxes paid by the community on the undistributed income from Marcel's separately-owned shares of stock.

## DISCUSSION

"[A] trial court's findings regarding the nature of the property as community or separate is a factual determination subject to manifest error review." *Ross v. Ross*, 02-2984 (La. 10/21/03), 857 So.2d 384, 395.

"The natural and civil fruits of the separate property of a spouse . . . are community property." La.Civ.Code art. 2339. In the case before us, the question presented is whether income derived from shares of a subchapter S corporation that is not distributed to the shareholder is a civil fruit. Article 551 of the Civil Code defines civil fruits:

> Fruits are things that are produced by or derived from another thing without dimunition of its substance.
>
> . . . .
>
> Civil fruits are revenues derived from a thing by operation of law or by reason of a juridical act, such as rentals, interest, and certain corporate distributions.

The Civil Code contemplates that some corporate distributions are civil fruits, but others are not. *See* La.Civ.Code art. 552 and the comments thereto. For example, cash dividends are considered civil fruits, but liquidation payments and stock dividends are not civil fruits. The Revision Comments make it clear that whether the distributions are taxed as income for federal tax purposes is not determinative of the classification as a civil fruit.

We find that the trial court did not err in classifying the undistributed income from Marcel's separate shares as separate property. This finding is supported by the evidence in the record that the undistributed income is re-invested in the corporation

3

and increases the value of the corporation and each share of stock. Thus, we affirm the trial court's determination that Jo Ann is entitled to a reimbursement from the estate for one half of the taxes paid on the undistributed income derived from Marcel's 5,986 shares of SMBI.

We note that the first circuit has held that the undistributed income from a separately held subchapter S corporation is not a civil fruit. *McKneely v. McKneely*, 98-2472 (La.App. 1 Cir. 6/14/00), 764 So.2d 1157. In *McKneely*, the court held that until the funds are disbursed to the individual shareholder, they are neither the property nor a fruit of the individual. We concur in that court's analysis.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants.

**AFFIRMED.**